IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JEMIE SANCHEZ,        ) | | |
|       Plaintiff,     ) | | |
| ) | | |
| v.                 ) | Civil Action No. 1:20-cv-1330 | |
| ) | | |
| ARLINGTON COUNTY  ) | | |
| SCHOOL BOARD,     ) | | |
|       Defendant.    ) | | |

**MEMORANDUM OPINION**

At issue in this claim for attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), is Defendant's Motion to Dismiss the Complaint, which has been fully briefed and argued. The sole question presented by Defendant's motion is whether Plaintiff's fee claim is barred by the applicable statute of limitations. The parties agree (1) that a claim for attorneys' fees under 20 U.S.C. § 1415(i)(3)(B) is subject to a limitations period, (2) that neither the IDEA nor governing Fourth Circuit precedent provides a direct answer on the correct limitations period to apply here, and (3) that other circuit courts are divided on the correct limitations period to apply in IDEA attorneys' fees cases.

For the reasons stated herein, Plaintiff had no more than 180 days to file her § 1415(i)(3)(B) claim for fees. And because Plaintiff did not file this fee claim until very nearly two full years (728 days) after conclusion of the relevant administrative proceeding, the Complaint is untimely and Defendant's Motion to Dismiss must be granted.

**I.**

On a motion to dismiss, a court "must take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the following facts are derived from the

1

allegations set forth in Plaintiff's complaint, which are taken as true for the purpose of this motion.

- C.S., a minor child, attends Arlington Public Schools. Defendant, the Arlington County School Board, administers that school system.

- Plaintiff is the parent of C.S. and resides with C.S. in Arlington, Virginia.

- C.S. has been diagnosed with conditions including autism spectrum disorder, attention-deficit hyperactivity order, and language impairment. C.S. is therefore eligible for special education services.

- In 2015, Plaintiff, represented by legal counsel, initiated an IDEA administrative proceeding on behalf of C.S. Plaintiff alleged that Defendant failed to provide an appropriate Individualized Education Program ("IEP") to C.S.

- In an administrative order dated to November 9, 2018, an Administrative Hearing Officer issued a final decision in Plaintiff's case.[1]

- The Hearing Officer's final decision ordered the school district to develop an appropriate IEP for C.S., but denied the other "compensatory educational services" that Plaintiff had requested. The Hearing Officer listed "Parent" as the prevailing party.[2]

- Plaintiff filed this IDEA fees claim on November 6, 2020. Thus, just under two years (a total of 728 days) elapsed between resolution of the administrative proceeding and the initiation of this action.

---

[1] Plaintiff's complaint incorporates the Hearing Officer's decision by reference. Plaintiff subsequently provided the text of the decision as an exhibit attached to her Memorandum in Opposition to Defendant's Motion to Dismiss. *See* Dkt. 23, Ex. 4.

[2] Under the IDEA, a court may award fees to a "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Defendant disputes Plaintiff's claim that Plaintiff is a prevailing party. At this stage, it is appropriate to assume without deciding that Plaintiff is a "prevailing party" for the purpose of entitlement to fees under the statute.

II.

Defendant's Motion to Dismiss asserts that Plaintiff's claim for attorneys' fees is barred by the applicable statute of limitations. As an initial matter, the contention that a plaintiff's claim is time-barred constitutes an affirmative defense. A court may dismiss a complaint under Rule 12(b)(6) "if all facts necessary to the affirmative defense clearly appear *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quotation marks and brackets omitted) (emphasis in original). It is clear from the face of Plaintiff's complaint and incorporated exhibits that just under two years elapsed between resolution of the underlying administrative proceeding and the filing of this action. Thus, the sole question presented by Defendant's Motion to Dismiss is which statute of limitations applies to Plaintiff's fee claim.

The IDEA does not set a time limit for the filing of claims for attorneys' fees. Thus, the analysis here properly begins with the Fourth Circuit's instruction that when federal law does not supply a limitations period a court must "borrow the state statute of limitations that applies to the most analogous state-law claim." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). And in this regard, the Fourth Circuit has borrowed statutes of limitations from state law in a handful IDEA cases.[3] But to be clear, no Fourth Circuit cases address the specific question presented here, namely which limitations period applies to a fee claim under § 1415(i)(3)(B).

As it happens, other federal appellate courts have reached and decided this specific question, and each of the federal appellate courts to do so followed the familiar process of "borrow[ing] the most closely analogous state statute of limitations." *Richardson v. Omaha Sch.*

---

[3] *See, e.g., C.M. v. Board of Education of Henderson County*, 241 F.3d 374 (4th Cir. 2001) (borrowing North Carolina's 60-day time limit for initiating IDEA administrative proceedings but tolling the statute due to a lack of notice); *Manning v. Fairfax Cty. Sch. Bd.*, 176 F.3d 235 (4th Cir. 1999) (borrowing a Virginia statute of limitations for initiation of IDEA administrative claims); *Schimmel v. Spillane*, 819 F.2d 477 (4th Cir. 1987) (borrowing a Virginia statute of limitations for judicial appeals of IDEA administrative decisions).

*Dist.*, 957 F.3d 869, 873 (8th Cir. 2020), *cert. denied*, No. 20–402 (U.S. June 28, 2021). But thereafter, those appellate courts diverged on the most analogous state statutes to borrow and apply.[4] It is not difficult to see the reason for this divergence, for as the Seventh Circuit has observed, "an action for attorneys' fees presents a unique problem in that it may ***arguably*** be characterized as either an independent cause of action under § [1415(i)(3)(B)], or as ancillary to the judicial review of the administrative decision on educational placement." *Powers v. Indiana Department of Education*, 61 F.3d 552, 555 (7th Cir. 1995) (emphasis added).[5]

To resolve the question presented, the merits of this divergence must be addressed. A close examination of the relevant opinions points persuasively to the conclusion that the result reached by the Sixth, Seventh, and Eighth Circuits is correct: because claims for IDEA attorneys' fees are closely related to underlying administrative actions, it is appropriate to borrow statutes of limitations from state special education laws that set relatively brief but reasonable time limits for appealing administrative decisions.

For example, in *Dell v. Board of Education*, the Seventh Circuit considered the precise question presented here and, in a unanimous panel decision by Circuit Judge Ripple, decided that

---

[4] *Compare Dell v. Bd. of Educ., Twp. High Sch. Dist. 113*, 32 F.3d 1053, 1062–64 (7th Cir. 1994) (borrowing Illinois's 120-day period for requesting judicial review of administrative decisions), *King ex rel. King v. Floyd County Bd. of Educ.*, 228 F.3d 622, 625–27 (6th Cir. 2000) (borrowing Kentucky's 30-day limit for appeal of administrative decisions), *and Richardson*, 957 F.3d at 873–76 (borrowing Arkansas's 90-day limit for merits review of IDEA decisions), *with Zipperer v. School Board of Seminole County*, 111 F.3d 847, 850–51 (11th Cir. 1997) (borrowing Florida's four-year limitations period for actions based on statutory liability), *and Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1061–64 (9th Cir. 2015) (borrowing Idaho's three-year period for statutory damages actions). The Fifth Circuit also noted the split and expressed some support for the view adopted by the Ninth and Eleventh Circuits but declined to rule definitively on the issue. *D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist.*, 806 F.3d 310, 320–21 (5th Cir. 2015).

[5] It is therefore not surprising that district courts have also split on this question. One court in this circuit adopted the Sixth, Seventh, and Eighth Circuits' view that an action for attorneys' fees is "by its very nature … ancillary to the underlying dispute on the merits." *Mayo v. Booker*, 56 F. Supp. 2d 597, 598 (D. Md. 1999). Other district courts have followed the Ninth and Eleventh Circuits' approach. *See, e.g.*, *J.B. By & Through C.B. v. Essex-Caledonia Supervisory Union*, 943 F. Supp. 387, 392 (D. Vt. 1996); *B.K. v. Toms River Bd. of Educ.*, 998 F. Supp. 462, 468–73 (D. N.J. 1998); *G-N v. City of Northampton*, 60 F. Supp. 3d 267, 271–72 (D. Mass. 2014).

the proper limitations period to borrow was Illinois's 120-day period for requesting judicial review of administrative special education decisions. *See Dell*, 32 F.3d at 1062–64. In reaching this decision, the Seventh Circuit rejected two catch-all, non-special-education damages provisions. *Id*. The Seventh Circuit's opinion persuasively observed that the award of attorneys' fees depends on a court's review of the administrative proceeding, including the determination of whether the party seeking fees was eligible as a prevailing party. In this respect, the Seventh Circuit noted that returning to the "quagmire" of the administrative record years "after adjudication of the merits would result in a needless expenditure of judicial energy," which is needed to acquaint the reviewing court with the stale record. *Id.* at 1063. Additionally, the Seventh Circuit found it "preferable to apply a statute of limitations which finds some relevance to the administration of the IDEA itself."[6] *Id.* at 1064 (quotation marks omitted). Finally, the Seventh Circuit concluded that a short limitations period does not contravene the purposes of the IDEA, given that Congress "quite clearly intended that all hearings and reviews conducted pursuant to the IDEA be commenced and disposed of as quickly as practicable." *Id.* at 1060 (quotation marks and brackets omitted).

More recently, the Sixth Circuit addressed the question of an appropriate statute of limitations for fee claims under § 1415(i)(3)(B) in *King v. Floyd County Board of Education*. Much like the Seventh Circuit's opinion, *King* rejected a general five-year statute of limitations in favor of borrowing Kentucky's 30-day limit for appeal of IDEA administrative decisions. *See* 228 F.3d at 625–27. In that respect, the Sixth Circuit soundly reasoned that IDEA fee claims cannot "properly be characterized as independent." *Id.* at 626. Instead, like the Seventh Circuit, the Sixth

---

[6] This point carries significant weight because it comports with the Fourth Circuit's observation that, when searching for a state statute of limitations to borrow in the IDEA context, the best place to look is state special education laws applicable to the IDEA. *See C.M.*, 241 F.3d at 380.

5

Circuit viewed such claims as essentially "another phase of the administrative proceeding" and "part and parcel of the administrative proceeding." *Id.* at 625–26. And because the request for fees is so closely tied to the underlying administrative proceeding, that "makes the claim analogous to a cause of action for judicial review of the proceeding to which the claim is appended." *Id.* at 626.

Most recently, the Eighth Circuit agreed with the Sixth and Seventh Circuits that a "claim for attorneys' fees is ancillary to judicial review of the administrative decision." *Richardson*, 957 F.3d at 875. As a result, in circumstances closely analogous to those at issue here, the Eight Circuit borrowed Arkansas's 90-day limit for merits review of IDEA decisions. *See id*. at 873–76.

The *Richardson* opinion is particularly persuasive for two additional reasons. First, the Eighth Circuit favorably cited the Fourth Circuit's *C.M.* decision for the proposition that a "state special education statute, specifically enacted to comply with the IDEA" is the "state statute most analogous to the IDEA." *Id.* at 875 (quoting *C.M.*, 241 F.3d at 380). In light of that principle, the Eighth Circuit thought it appropriate to borrow the limitations period from an Arkansas special education statute. Second, following the Eighth Circuit's decision, the time-barred plaintiff filed a petition for *certiorari* with the Supreme Court. While that petition was pending, the Solicitor General filed an *amicus curiae* brief which concluded that the Eighth Circuit had reached the proper result and the case merited no further review.[7] *See* Brief of the Solicitor General, *Richardson v. Omaha Sch. Dist.*, No. 20–402. The Supreme Court later denied *certiorari*. No. 20–402 (U.S. June 28, 2021).

In contrast to the Sixth, Seventh, and Eighth Circuits, the Ninth and Eleventh Circuits treat

---

[7] The Solicitor General is often able to offer "helpful" guidance on issues surrounding application of federal statutes. *See Patterson v. Walgreen Co.*, 140 S. Ct. 685, 206 L. Ed. 2d 230 (2020) (Alito, J., concurring in denial of *certiorari*). Here, the Solicitor General's well-reasoned position on the question presented, which comports with the Supreme Court's decision to deny *certiorari* in *Richardson*, merits special attention.

IDEA fee claims as wholly independent actions and apply lengthy catch-all state statutes of limitations applicable to damages suits. *See Zipperer*, 111 F.3d at 850–51; *D.A.*, 792 F.3d at 1061–64. That view is not persuasive. The Fourth Circuit has made clear that, when seeking an analogous state statute for the IDEA, the most appropriate place to look is state statutes specifically tailored for the special education administrative hearing process. *See C.M.*, 241 F.3d at 380. The Ninth and Eleventh Circuits' approach, which strays far afield from the special education context and applies general damages statutes to IDEA fee claims, contradicts this binding Fourth Circuit precedent.

  Moreover, fee claims do not come before a court on a clean judicial slate and therefore cannot be accurately characterized as independent causes of action. As the Solicitor General pointed out in his persuasive *Richardson* brief, unlike a plaintiff initiating a new claim, "a party seeking fees is not newly engaging with a dispute resolution process; at a minimum, she will already have both a lawyer and a (winning) administrative record." Brief of the Solicitor General, No. 20–402, at 12. And that record "provide[s] the basis for many of the determinations the court reviewing the request for attorneys' fees must make." *Id*. Plaintiff contends that a court need only glance at the administrative decision to determine whether a parent prevailed and is therefore eligible for fees under § 1415(i)(3)(B). But fees under § 1415(i)(3)(B) must be "reasonable," which requires a careful review by a court to assess "the number of hours reasonably expended" by the claimant's attorneys. *See McAfee v. Boczar*, 738 F.3d 81, 89 (4th Cir. 2013), as amended (Jan. 23, 2014) (listing the "labor expended" by the attorneys, the "novelty and difficulty of questions raised," and the "time limitations imposed by the client or circumstances" as relevant factors in this inquiry).

  Finally, it bears noting the Ninth Circuit's central concern with the approach adopted by the Sixth, Seventh, and Eighth Circuits is the "anomalous result" that parents may be forced to file

7

fee claims before the losing school district has filed a request for review. *Meridian Joint Sch. Dist. No. 2,* 792 F.3d at 1064. This concern is not warranted. As the Seventh and Eighth Circuits have made clear, the time to file a fee claim does not begin to run until any judicial merits review has concluded or the time to request review has expired. *See Richardson*, 957 F.3d at 875; *Dell*, 32 F.3d at 1063.

Given that the Sixth, Seventh, and Eighth Circuits reached the correct result in choosing relatively brief limitations periods from state special education laws, and given that this result comports with the Fourth Circuit's guidance that state special education statutes offer the best state law analogues for IDEA claims,[8] it remains necessary here to select a limitations period from Virginia's special education laws to apply in this case. Defendant urges the application of Va. Code § 22.1-214(D), which grants parents 180 days to seek judicial review of administrative decisions regarding special education programs. Section 22.1-214(D) provides an appropriate limitations period to apply to fee claims under the IDEA.[9] And application of § 22.1-214(D)'s 180-day limitations period clearly renders Plaintiff's claim for fees is untimely.

Yet this does not end the analysis, as a district court must not apply an analogous state statute of limitations when it is "inconsistent with underlying federal policies." *C.M.*, 241 F.3d at 379; s*ee also Reed v. United Transp. Union*, 488 U.S. 319, 327–29 (1989). Plaintiff contends that the 180-day limitations period for pursuing IDEA fee claims would contravene the federal policy embodied by the IDEA. This argument is unpersuasive, as the Fourth Circuit has already indicated that a short limitations period is not necessarily at odds with the IDEA. *See C.M.*, 241 F.3d at 385

---

[8] *C.M.*, 241 F.3d at 384.

[9] Plaintiff offers one alternative limitations period from Virginia's special education laws, namely an administrative code provision granting parents two years to file an initial request for an administrative hearing. *See* 8 VAC 20-81-210(E). That suggestion is not persuasive, because for reasons stated *supra* an IDEA claim for fees is much more closely analogous to an administrative appeal than initiation of a brand new claim.

8

(holding that "adoption of this 60–day limitations period is not inconsistent with federal policies animating the IDEA"). Other circuit courts have reached the same conclusion with respect to fee claims under 20 U.S.C. § 1415(i)(3)(B). For instance, in *Powers*, the Seventh Circuit convincingly concluded that a short period for bringing fee claims does not abridge parents' rights under the IDEA. *See* 61 F.3d at 558–59. The Seventh Circuit offered two reasons for that conclusion: (1) other provisions of the IDEA, such as post-hearing requests for judicial review, are subject to short limitations periods and (2) parents seeking attorneys' fees are necessarily represented by counsel. *See id.* Nothing in the IDEA bars application of the 180-day limitations period in Va. Code § 22.1-214(D).

Plaintiff also contends that in the event that the Virginia 180-day limitation period applies, that time period should be tolled owing to a purported lack of notice to Plaintiff. In this respect, Plaintiff relies on *C.M.*, in which the Fourth Circuit indicated that a state must offer clear notice when a parent faces a "very short" limitations period (such as the 60-day limit at issue there) for bringing an IDEA action in federal court. *See C.M.*, 241 F.3d at 383. However, the Fourth Circuit's primary concern with a short limitations period for IDEA claims was that "parents unrepresented by counsel might be unaware of and so unfairly penalized by" the period. *Id.* at 382 (quotation marks omitted) (citing *Schimmel*, 819 F.2d at 482). Here, Plaintiff was represented by counsel, as is necessarily the case in any claim for attorneys' fees. Plaintiff and her counsel had at least 180 days to file her claim for attorneys' fees but did not do so until very nearly two full years had elapsed.

Nor is there any doubt that Plaintiff received clear notice that the administrative process had resolved, unlike the unrepresented parents in *C.M. See* 241 F.3d at 388. Additionally, Defendant provided Plaintiff with a document entitled "Virginia Procedural Safeguards Notice"

9

which indicated that civil claims must be filed no more than 180 days after the conclusion of an administrative hearing. Thus, Plaintiff and her counsel knew that the administrative process had concluded and that she should have promptly proceeded to file a request for fees.

Accordingly, under Virginia law, Plaintiff had no more than 180 days to seek attorneys' fees as the prevailing party under the IDEA, and tolling of that period is not appropriate.

### III.

For the reasons set forth above, Defendant's Motion to Dismiss must be granted.

An appropriate order will issue separately.

The Clerk is directed to provide a copy of this Opinion to all counsel of record.

Alexandria, Virginia
September 24, 2021

/s/
T. S. Ellis, III
United States District Judge